UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>-v-<br><br>DUSTIN LEE HONKEN,<br><br>Defendant. | No. CR 01-3047-MWB<br><br>Honorable Mark W. Bennett, U.S.D.J.<br><br>DEFENDANT'S MOTION FOR<br>APPOINTMENT OF COUNSEL |

Dustin Lee Honken, an indigent federal prisoner under sentence of death imposed by this Court, respectfully moves pursuant to 18 U.S.C. § 3599(a)(2), to appoint counsel to represent him in pursuing any and all available post-conviction remedies, including the investigation, preparation, and prosecution of a motion for post-conviction relief pursuant to 28 U.S.C. § 2255.[1]  Specifically, Mr. Honken requests that the Court appoint Jon M. Sands, Federal Public Defender for the District

---

[1]This motion is being presented on Mr. Honken's behalf by undersigned counsel Jean Barrett, who represented Mr. Honken in the direct appeal proceedings. As the Court is aware, § 2255 counsel typically must assess prior counsel's performance as part of evaluating the available claims for relief.  Ms. Barrett cannot undertake such a review of her own representation even if she were otherwise available for appointment.  These circumstances require the appointment of other counsel.

Page -1-

Case 3:01-cr-03047-LTS-KEM    Document 783    Filed 09/16/09    Page 1 of 13

of Arizona. The Office of the Federal Public Defender and its Capital Habeas Unit has knowledge of substantive criminal and habeas corpus law, as well as experience in investigating, preparing and litigating capital post-conviction cases. The legal talent and resources make the Federal Public Defender an appropriate choice to represent Mr. Honken under the standards set forth in § 3599 for counsel in capital § 2255 proceedings.

Accordingly, and for the reasons outlined in the attached memorandum, this Court should grant the Motion for Appointment of Counsel.

Respectfully submitted this 16th day of September, 2009.

Jean D. Barrett, Esquire
Ruhnke & Barrett
47 Park Street
Montclair, New Jersey 07042
(973)744-1000; (973) 746-1490 (facsimile)
jeanbarrett@ruhnkeandbarrett.com

/s/ Jean D. Barrett
Counsel for Dustin Honken

Page -2-

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 01-3047-MWB |
| Plaintiff, | Honorable Mark W. Bennett, U.S.D.J. |
| -v- | |
| DUSTIN LEE HONKEN, | DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR APPOINTMENT OF COUNSEL |
| Defendant. | |

Dustin Lee Honken, an indigent federal prisoner under sentence of death imposed by this Court, respectfully moves pursuant to 18 U.S.C. § 3599(a)(2), to appoint counsel to represent him in pursuing any and all available post-conviction remedies, including the investigation, preparation, and prosecution of a motion for post-conviction relief pursuant to 28 U.S.C. § 2255. Mr. Honken requests that the Court appoint Jon M. Sands, Federal Public Defender for the District of Arizona.

Mr. Honken was sentenced to death by a jury after being convicted on all 17 counts of various offenses, including five counts of conspiracy to commit murder and five counts of continuing criminal enterprise murder. His convictions and sentences have been upheld on appeal. *See United States v. Honken*, 541 F. 3d 1146 (8th Cir.

Case 3:01-cr-03047-LTS-KEM    Document 783    Filed 09/16/09    Page 3 of 13

2008). Pending before the Supreme Court of the United States is Mr. Honken's petition for a writ of certiorari. *Honken v. United States*, Case No. 08-10252 (U.S. May 7, 2008).

Mr. Honken will have just one year from the date of denial of certiorari to file a motion for relief pursuant to 28 U.S.C. § 2255(f) (providing that "[a] 1-year period of limitation," running from the date the defendant's conviction became final on direct appeal, "shall apply to a motion under this section"). At present, however, Mr. Honken is unrepresented by counsel for the purpose of investigating, preparing, and filing a § 2255 motion.

### A. Reasons for appointment of counsel.

Mr. Honken wishes to pursue every avenue of post-conviction relief, including a motion pursuant to 28 U.S.C. § 2255, and any other available remedies, including appeal and executive clemency should his motion not prove successful. To do so, he will need the assistance of competent counsel. Counsel should be appointed at the earliest opportunity to vindicate Mr. Honken's right to "preapplication legal assistance" in investigating and preparing his post-conviction claims. *See McFarland v. Scott*, 512 U.S. 849, 855 (1994).[2]

---

[2]Although *McFarland* addressed a petition for a writ of habeas corpus to be filed pursuant to 28 U.S.C. § 2254, it applies equally to § 2255 proceedings. Indeed, § 2255 cases in which a prisoner has been sentenced to death are nearly identical to

At this juncture in his case, 18 U.S.C. § 3599 requires the appointment of qualified counsel for Mr. Honken.  *See* 18 U.S.C. § 3599(a)(2) ("In any post conviction proceeding under § 2254 or 2255 of title 28, United States Code, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with subsections (b) through (f).").

Mr. Honken is "financially unable" to obtain counsel or other "necessary services." *Id.* § 3599 (a)(2).  This Court previously determined him to be indigent, and accordingly provided him court-appointed representation at trial and on direct appeal.  Mr. Honken has been incarcerated since his arrest in this case in 2002, and his financial situation has not changed.  Therefore, pursuant to 18 U.S.C. § 3599(a)(2), he is entitled to the appointment of qualified counsel to pursue all available post-conviction remedies.

Prior to the effective date of § 3599, counsel were appointed for indigent death-sentenced defendants in 28 U.S.C. §§ 2254 and 2255 proceedings under 21 U.S.C. § 848(q).  The latter section was repealed and re-codified at 18 U.S.C. § 3599.  Interpreting 21 U.S.C. § 848(q), the Supreme Court found that Congress had

---

§ 2254 cases and are quite unlike non-capital, federal § 2255 cases.

established this statutory right to qualified counsel in capital cases in recognition of "the seriousness of the possible penalty and . . . the unique and complex nature of the litigation." *McFarland*, 512 U.S. at 855 (*quoting* 21 U.S.C. § 848(q)(7)).

Moreover, as with the previously existing right to counsel under § 848(q), the right to counsel under § 3599 attaches *prior* to the filing of a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence. Any other interpretation of the statute would leave condemned prisoners without meaningful access to the courts. As the Supreme Court explained with respect to the statutory provision governing appointment of counsel for indigent death-sentenced prisoners:

> Congress' provision of a right to counsel . . . reflects a determination that quality legal representation is necessary in capital habeas corpus proceedings in light of "the seriousness of the possible penalty and . . . the unique and complex nature of the litigation." § 848(q)(7). An attorney's assistance prior to the filing of a capital defendant's habeas corpus petition is crucial because "[t]he complexity of our jurisprudence in this area . . . makes it unlikely that capital defendants will be able to file successful petitions for collateral relief without the assistance of persons learned in the law."

*McFarland*, 512 U.S. at 855-56 (*quoting Murray v. Giarratano*, 492 U.S. 1, 14 (1989) (Kennedy, J., joined by O'Connor, J., concurring in the judgment)) (alterations in original).

In construing the relevant statute to require appointment of counsel *prior* to the filing of the petition, the Court noted that Congress provided for reasonably necessary

investigative and expert resources to be made available to counsel. Since such services "may be critical in the preapplication phase of a habeas corpus proceeding, when possible claims and their factual bases are researched and identified," the court reasoned that Congress could only have intended that counsel be appointed before any actual habeas petition or motion for relief was filed. *Id.* at 855. The Court's analysis makes plain that the right to counsel effected by § 3599 is a right to assistance in identifying, developing, and pleading all available claims for relief. Such claims are usually those that were not or could not have been raised in earlier proceedings because they rest on facts outside the trial record and thus require investigation and, often, expert resources.

To give meaningful effect to the right Congress has established in 18 U.S.C. § 3599, qualified counsel must be appointed as promptly as possible. As Justice O'Connor observed:

> It is almost meaningless to provide a lawyer to pursue claims on federal habeas if the lawyer is not available to help prepare the petition. First, the habeas petition, unlike a complaint, must allege the factual underpinning of the petitioner's claims. *See* Habeas Corpus Rule 2(c) ("The petition . . . shall specify all the grounds for relief which are available to the petitioner . . . and shall set forth in summary form the facts supporting each of the grounds thus specified"). Furthermore, district courts are authorized to summarily dismiss petitions which appear on their face to be meritless. . . . And our carefully crafted doctrines of waiver and abuse of the writ make it especially important that the first petition adequately set forth all . . . colorable grounds for relief. Indeed, Congress expressly recognized "the seriousness of the

possible penalty and . . . the unique and complex nature of the litigation." 21 U.S.C. § 848(q)(7). Moreover, the statute entitles capital defendants not only to qualified counsel, but also to "investigative, expert or other services . . . reasonably necessary for the representation of the defendant." [*Id.*] § 848(q)(9). For such services to be meaningful in the habeas context, they also must be available prior to the filing of a first habeas petition.

*McFarland*, 512 U.S. at 860 (O'Connor, J., concurring in part and dissenting in part).

The labor-intensive tasks associated with developing the factual basis for potential claims for relief require substantial time to complete. Capital § 2255 proceedings have very little in common with non-capital § 2255 motions, as capital § 2255 motions necessarily involve the additional burden of having to investigate and identify claims related to the *penalty phase* of the underlying criminal proceeding, a feature unique to capital cases. The American Bar Association has aptly described these demands:

> [P]roviding high quality legal representation in collateral review proceedings in capital cases requires enormous amounts of time, energy, and knowledge. The field is increasingly complex and ever-changing. . . . Collateral counsel has the same obligation as trial and appellate counsel to establish a relationship of trust with the client. But by the time a case reaches this stage, the client will have put his life into the hands of at least one other lawyer and found himself on death row. Counsel should not be surprised if the client initially exhibits some hostility and lack of trust, and must endeavor to overcome these barriers. Ultimately, winning collateral relief in capital cases will require changing the picture that has previously been presented. . . . [Thus, post-conviction counsel] cannot rely on the previously compiled record but must conduct a thorough, independent [reinvestigation of the case and the client]. . . . As demonstrated by the high percentage of reversal,

Case 3:01-cr-03047-LTS-KEM    Document 783    Filed 09/16/09    Page 8 of 13

> . . . the trial record is unlikely to provide either a complete or accurate picture of the facts and issues in the case. . . .Reinvestigating the case means examining the facts underlying the conviction and sentence, as well as such items as trial counsel's performance, judicial bias or prosecutorial misconduct. Reinvestigating the client means assembling a more-thorough biography of the client than was known at the time of trial, not only to discover mitigation that was not presented previously, but also to identify mental-health claims which potentially reach beyond sentencing issues to fundamental questions of competency and mental-state defenses.

American Bar Association, Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases (2003), Guideline 10.15.1 commentary. The Supreme Court has endorsed these detailed descriptions of defense counsel's professional responsibilities in a capital case. *Wiggins v. Smith*, 539 U.S. 510, 524 (2003).[3]

All these time-consuming and difficult tasks – including identifying appropriate experts, reinvestigating the facts of the case, investigating the client's life history in complete detail (finding witnesses, interviewing witnesses, locating and obtaining documentary evidence), conducting necessary legal research, and writing the post-conviction pleadings themselves – must be completed within one year of the denial of certiorari on direct appeal. *See* 28 U.S.C. § 2255(f). Because of the long list of tasks facing post-conviction counsel, Mr. Honken respectfully asks that the Court

---

[3]*See Worthington v. Roper*, 619 F.Supp. 2d. 661, 673-75 (E.D. Mo. 2009).

grant this motion appointing Jon Sands as soon as possible.

### B. The Federal Public Defender is qualified for appointment.

The Capital Habeas Unit (CHU) was formed in 1996 and is part of the Office of the Federal Public Defender for the District of Arizona. It receives funding from the Administrative Office of the United States Courts ("AO") primarily to provide representation to capital habeas corpus petitioners in Arizona. Since its formation, the CHU has represented over 75 prisoners in United States District Courts for the Districts of Arizona, Utah, Northern Ohio, and Southern Ohio, as well as in the United States Court of Appeals for the Sixth, Eighth, and Ninth Circuits. The CHU has also litigated three substantive cases before the United States Supreme Court.[4] Counsel from the CHU have acted as faculty at regional and national AO-sponsored training programs, as well as other local, regional, and national training programs.

The Federal Public Defender has responded to requests from the AO to represent capital post-conviction petitioners in jurisdictions outside of Arizona in § 2255 litigation where the death penalty has been imposed.[5] The Federal Public

---

[4]*Schriro v. Landrigan*, 550 U.S. 465 (2007); *Schriro v. Summerlin*, 542 U.S. 348 (2004); *Stewart v. Martinez-Villareal*, 523 U.S. 637 (1998).

[5]The Federal Public Defender for the District of Arizona was recruited as prospective counsel for Mr. Honken by the Federal Capital Habeas Project. As described in a December 18, 2007, memorandum from the Honorable John Gleeson, U.S. District Judge for the Eastern District of New York, writing in his capacity as

Defender will not bill the Court for any time or expenses related to its work on this matter. This will reduce the costs associated with such litigation, will relieve this Court of the burden of funding this litigation, and will provide Mr. Honken with qualified capital post-conviction counsel.

Should the Federal Public Defender be appointed, Jon Sands will assign at least two experienced lawyers from the CHU who are qualified to work on this litigation. These lawyers will seek admission *pro hac vice* to this Court.

Chair of the Committee on Defender Services of the Judicial Conference of the United States, the Federal Capital Habeas Project is an initiative funded by the Judicial Conference and intended, among other duties, to assist courts in capital § 2255 cases by identifying and recruiting qualified, available counsel for the cases. Accordingly, the Judicial Conference recommends that courts consult with the Federal Capital Habeas Project in appointing post-conviction counsel because the Project's national scope makes it "well situated to assist courts with identification of lawyers who possess the required expertise from inside or, when necessary, outside of a particular district." Memorandum from Honorable John Gleeson, Judicial Conference of the United States, Committee on Defender Services (Dec. 18, 2007) at 2 [Exhibit A]. This is particularly true in situations where the local Federal Defender Office cannot handle the case. The Federal Public Defender for the District of Arizona has been appointed to a § 2255 case. *See Sinisterra v. United States*, No. 08-1925 (8th Cir. July 24, 2008) (order granting appointment of counsel).

## Conclusion

WHEREFORE, Mr. Honken respectfully requests that the Court appoint Jon

M. Sands to represent him in seeking all available post-conviction remedies.

Respectfully Submitted this 16th day of September, 2009.

> Jean D. Barrett, Esquire
> Ruhnke & Barrett
> 47 Park Street
> Montclair, New Jersey 07042
> (973)744-1000; (973) 746-1490 (facsimile)
> jeanbarrett@ruhnkeandbarrett.com
>
> /s/ Jean D. Barrett
> Counsel for Dustin Honken

Case 3:01-cr-03047-LTS-KEM    Document 783    Filed 09/16/09    Page 12 of 13

**Certificate of Service**

I certify that I electronically served/mailed a copy of the foregoing document

to which this certificate is attached to the parties or attorneys of record, shown below,

on September 16, 2009.

Honorable Mark W. Bennett, U.S.D.J. (electronically)
Federal Courthouse
320 Sixth Street
Sioux City, Iowa 51101

Mr. C.J. Williams (electronically)
Assistant United States Attorney
P.O. Box 74950
Cedar Rapids, IA 52407-4950
Attorney for United States

Mr. Dustin Honken (U.S. Mail)
#06951-029
United States Penitentiary
Terre Haute
P.O. Box 12015
Terre Haute, IN 47801

By: /s/Jean D. Barrett