# Exhibit A

**Judicial Conference of the United States**
**Committee on Defender Services**
United States District Court
727 United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201-1818

**Chair**
John Gleeson

**Members**
Samuel Alba
Carl J. Barbier
Sandra S. Beckwith
Mark W. Bennett
Robert C. Chambers
Stanley R. Chesler
Anne C. Conway
Claire V. Eagan
Barry T. Moskowitz
Michael J. Reagan
Ricardo M. Urbina
John A. Woodcock, Jr.

**Telephone:**
(718) 613-2450
**Fax:**
(718) 613-2456

December 18, 2007

MEMORANDUM

To:     Judges, United States Courts of Appeals
        Judges, United States District Courts
        United States Magistrate Judges

From:   Honorable John Gleeson

RE:     INTRODUCTION OF FEDERAL CAPITAL HABEAS PROJECT

The Judicial Conference's Defender Services Committee has funded an initiative that is designed, in part, to assist judges presiding over capital 28 U.S.C. § 2255 cases. The Federal Capital Habeas Project, known informally as the "2255 Project," provides consultation and assistance to courts adjudicating, and defense counsel litigating, capital cases pursuant to § 2255. This national resource was created by the Defender Services Committee to: (1) facilitate federal courts' appointment of qualified counsel in the growing number of capital § 2255 cases arising from federal prosecutions, (2) help ensure that the representation furnished is consistent with the best practices of the legal profession, and (3) advise and train appointed counsel, where appropriate.[1]

The prompt appointment of qualified counsel to represent defendants in these cases has become critical. In addition to death penalty law, counsel must have expertise in the substantive and procedural habeas jurisprudence developed through § 2254 cases, as well as the law

---

[1] To a large extent, capital § 2255 litigation is a new field; fewer than a dozen such matters have been litigated to completion since the re-emergence of federal death penalty cases in the past 20 years. Recently, however, an increasing number of federal capital cases have been entering the post-conviction stage. In 1998, there were 20 individuals on federal death row, 5 of whom were in § 2255 proceedings. Nearly 10 years later, the number of individuals on federal death row has more than doubled (53), and the number of death row inmates in § 2255 proceedings has more than quadrupled (21).

governing § 2255 proceedings.  Even the most experienced and learned trial advocates may not have the knowledge and skills necessary for capital post-conviction litigation.  Unlike record-based claims that should be raised on direct appeal, § 2255 counsel is responsible for investigating potential errors outside of the record that may not have been apparent during the trial, and including all viable claims in the petition.  Moreover, counsel must accomplish all of this within the Antiterrorism and Effective Death Penalty Act's one year limitation period, which generally runs from the denial of certiorari from direct appeal.  Given these time constraints, it is preferable for counsel to be identified before certiorari is denied on direct appeal.

Generally, the Defender Services Committee encourages courts to consult with their district's federal defender when considering the appointment of counsel in capital cases.  With respect to § 2255 matters in particular, it is also recommended that courts consult with the 2255 Project.  The 2255 Project is national in scope and well situated to assist courts with identification of lawyers who possess the required expertise from inside or, when necessary, outside of a particular district.  Districts in states without a death penalty often lack lawyers with appropriate capital experience.  Even in states that have the death penalty, there can be a dearth of attorneys experienced in *collateral* attacks on death sentences, which are different in kind from trials and direct appeals in such cases.  Moreover, the most qualified capital habeas lawyers may already be occupied litigating cases arising from state convictions.  The Project has already assisted a number of courts in the appointment process.

The Judicial Conference encourages the use of case budgeting in these cases, and the Project is also available to consult with courts about case budgeting and other issues related to the administration of capital § 2255 cases.

Ms. Ruth E. Friedman, the 2255 Project Director, is based in the Greenbelt office of the Federal Public Defender for the District of Maryland and can be reached at (301) 344-0600.  She has nearly two decades of capital post-conviction experience and is a nationally recognized expert in habeas corpus and death penalty litigation.

I encourage you to utilize the 2255 Project and am confident that you will find the staff responsive and helpful.  If you have any questions or concerns, please contact the 2255 Project; Judy A. Gallant or Mark S. Blaskey, attorney advisors in the Administrative Office's Office of Defender Services, at (202) 502-3030; or me.

cc:     Circuit Executives
        Federal Public/Community Defenders
        District Court Executives
        Clerks, United States Courts of Appeals
        Clerks, United States District Courts
        Ms. Ruth E. Friedman