# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

DUSTIN LEE HONKEN,

      Defendant.

No. CR 01-3047-MWB

**ORDER APPOINTING COUNSEL**

_____

This matter comes before the court pursuant to the defendant Dustin Lee Honken's September 16, 2009, Motion For Appointment Of Counsel (docket no. 783). In his motion, filed by current appellate counsel, defendant Honken seeks appointment of counsel, pursuant to 18 U.S.C. § 3599(a)(2), to represent him in pursuing any and all available post-conviction remedies, including the investigation, preparation, and prosecution of a motion for post-conviction relief pursuant to 28 U.S.C. § 2255. He seeks such appointment now, even though his direct appeal is still pending on petition for writ of certiorari to the United States Supreme Court, because he will have only one year from the date of the denial of his petition for writ of certiorari within which to file a § 2255 motion, and pre-application legal assistance in investigating and preparing his post-conviction claims is warranted. *See McFarland v. Scott*, 512 U.S. 849, 855 (1994). He requests appointment of Jon M. Sands, Federal Public Defender for the District of Arizona, because the Capital Habeas Unit (CHU) in his office is qualified to undertake the representation. Defendant Honken represents that, because the CHU is funded by the Administrative Offices of the United States Courts, the Federal Defender will not bill the

court for any time or expenses related to its work on this case. Defendant Honken also represents that he is indigent and, therefore, qualified for appointment of counsel. Although the United States has not yet responded to the motion, the court finds that the motion may be addressed on the merits without need of such a response.

The court finds that appointment of counsel to assist defendant Honken in the preparation of post-conviction claims is appropriate in this case. The court previously found that defendant Honken was indigent and entitled to court-appointed counsel, and now finds that he is still indigent, so that appointment of counsel for post-conviction proceedings is appropriate pursuant to 18 U.S.C. § 3599(a)(2). The court finds that pre-petition appointment of counsel is also appropriate and warranted in this case. *See McFarland v. Scott*, 512 U.S. 849, 855 (1994). Finally, the court finds that Jon M. Sands and the Office of the Federal Public Defender for the District of Arizona possess the expertise and qualifications to represent defendant Honken in post-conviction proceedings, so that their appointment is appropriate.

THEREFORE, defendant Dustin Lee Honken's September 16, 2009, Motion For Appointment Of Counsel (docket no. 783) is **granted** as follows:

1. Defendant Honken is indigent and is, accordingly, permitted to proceed in this action *in forma pauperis* and is entitled to appointment of counsel pursuant to 18 U.S.C. § 3599(a)(2).

2. Jon M. Sands of the Office of the Federal Public Defender for the District of Arizona is appointed *pro hac vice*, without payment of any fees, pursuant to 18 U.S.C. § 3599(a)(2), to represent defendant Honken in pursuing any and all available post-conviction remedies, including the investigation, preparation, and prosecution of a motion for post-conviction relief pursuant to 28 U.S.C. § 2255. This appointment is made on the

representation of Mr. Sands that the Federal Public Defender will not bill the court for any fees or expenses related to its representation.

3.    Mr. Sands shall assign at least two lawyers from his office who are also qualified to represent defendant Honken.  Those attorneys shall enter appearances within thirty days and, upon entering such appearances, shall be deemed admitted *pro hac vice* without further application or payment of any fees.

**IT IS SO ORDERED.**

**DATED** this 16th day of September, 2009.

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA

3