Jon M. Sands
Federal Public Defender
Timothy M. Gabrielsen (NV Bar No. 8076)
Assistant Federal Public Defender
407 West Congress Street, Suite 501
Tucson, Arizona 85701-1310
Tim_Gabrielsen@fd.org
(520) 879-7614
(520) 622-6844 facsimile

Robin C. Konrad (AL Bar No. ASB-2194-N76K)
Jaleh Najafi (AZ Bar No. 025079)
Assistant Federal Public Defenders
850 West Adams Street, Suite 201
Phoenix, Arizona 85007
Robin_Konrad@fd.org
Jaleh_Najafi@fd.org
(602) 382-2816
(602) 889-3960 facsimile

Counsel for Movant

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

| | |
|---|---|
| Dustin Lee Honken, | No. CR 01-3047-MWB |
| Movant, | |
| vs. | **MOTION FOR LEAVE TO WITHDRAW** |
| United States of America, | Death Penalty Case |
| Respondent. | |

Dustin Lee Honken, through counsel, moves pursuant to Fed. R. Civ. P. 7(b) and LR 7 of the Local Rules of the United States District Courts for the Northern and Southern Districts of Iowa for leave to allow the Federal Public Defender for the District of Arizona to withdraw as counsel for Mr. Honken. The conflict of interest that has given rise to this motion is set forth in the attached Memorandum in Support. Assistant United States Attorney C.J. Williams, counsel for the Government-Respondent, is not opposed to the present motion.

/ / /

1

Respectfully submitted this 20th day of May, 2010.

Jon M. Sands
Federal Public Defender
Timothy M. Gabrielsen
Robin Konrad
Jaleh Najafi
Assistant Federal Public Defenders


By s/ Timothy M. Gabrielsen
Counsel for Petitioner

2

**MEMORANDUM IN SUPPORT**

On September 16, 2009, the Court appointed the Federal Public Defender for the District of Arizona (FPD) to represent Dustin Honken in his § 2255 proceedings. Dist. Ct. Doc. No. 784. On October 14, 2009, undersigned counsel entered appearances on behalf of Mr. Honken. Dist. Ct. Doc. No. 785.

It was during the FPD's investigation of the case that the conflict of interest came to light. At trial on September 27, 2004, the Government called as a guilt phase witness Steven Arthur Ferguson. Tr. 1910. Ferguson testified that he met Mr. Honken at the federal prison at Florence, Colorado, between June 1988 and Ferguson's transfer in October 2001. Tr. 1915-16. Ferguson testified that, during that time, Mr. Honken made statements incriminating himself with regard to offenses for which Mr. Honken was convicted and sentenced to death. Tr. 1922-23, 1931.

During the FPD's investigation of Ferguson and other Government trial witnesses, undersigned counsel recently learned that Ferguson was charged in the United States District Court for the District of Arizona with felony offenses that included bank robbery in both 1990 and 1996. Upon further investigation, undersigned counsel learned that the district court in Arizona appointed the Federal Public Defender for the District of Arizona as counsel for Mr. Ferguson in both the 1990 and 1996 cases. Finally, counsel for Honken learned that on March 25, 2010, the Government moved to revoke Mr. Ferguson's supervised release in the 1996 case. On that date, the FPD appeared on behalf of Mr. Ferguson and was again appointed.

Until May 11, 2010, Jon M. Sands, the Federal Public Defender, represented both Mr. Honken and Mr. Ferguson.[1] This representation was simply untenable.

Mr. Ferguson was a significant witness for the Government in the prosecution of Mr. Honken. Counsel for Mr. Honken are likely to be zealous in their

---

[1] On May 11, 2010, the Federal Public Defender moved to withdraw as counsel for Mr. Ferguson on the revocation of supervised release and that motion was granted.

3

investigation of Mr. Ferguson and the various other confidential informants employed by the Government in its case-in-chief at the guilt phase. Mr. Honken's § 2255 counsel almost certainly will need to approach counsel for Mr. Ferguson to allow him to be interviewed about his testimony in *Honken*, including with respect to any possible benefits conferred by the Government in exchange for Mr. Ferguson's cooperation.

Mr. Honken is on federal death row. He deserves representation by counsel who can defend his interests zealously without concern that their office affiliation might lead to claims that information or evidence in support of the § 2255 motion is tainted. In other words, the strength or credibility of Mr. Honken's evidence must rise or fall on its merits alone.

## Conclusion

For the above reasons, Mr. Honken respectfully requests that the Court permit the Federal Public Defender for the District of Arizona to withdraw from this matter.

Respectfully submitted this 20th day of May, 2010.

Jon M. Sands
Federal Public Defender
Timothy M. Gabrielsen
Robin Konrad
Jaleh Najafi
Assistant Federal Public Defenders


By s/Timothy M. Gabrielsen
TIMOTHY M. GABRIELSEN
Counsel for Movant Dustin Honken

4

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of May 2010, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following registrants:

Mr. C.J. Williams
Assistant United States Attorney
U.S. Attorney's Office
Northern District of Iowa
401 First Street, S.E.
Hach Building, Suite 400
Cedar Rapids, IA 52401-1825

By  s/ Tamelyn McNeill
    Legal Secretary
    Capital Habeas Unit