# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA

_____

UNITED STATES OF AMERICA,    :    No. CR 01-3047– MWB

        Respondent,    :    **CAPITAL 2255 PROCEEDINGS**

    -v-    :    HON. MARK W. BENNETT
    :    U.S.D.J.

DUSTIN LEE HONKEN,    :

    Petitioner.    :

_____

**PETITIONER'S UNOPPOSED MOTION TO
EXTEND TIME FOR FILING JOINT SCHEDULING ORDER
AND
FOR EXTENSION OF TIME TO CONTINUE INVESTIGATION
AND AMENDMENT OF TO-BE-FILED PETITION**

Petitioner, Dustin Lee Honken, through undersigned counsel, files this motion

to extend the deadline for filing a joint scheduling order and to provide him additional

time to investigate, research and present grounds for relief. This Motion is not

opposed by the Government.  In support of this Motion, Petitioner states the

following.

**Background**

1.    Petitioner is a death sentenced prisoner in the custody of the Federal

Bureau of Prisons following his convictions and death sentences imposed by this

1

Court.

2.      The Court of Appeals affirmed his convictions and sentences.  <u>United States v. Honken</u>, 541 F.3d 1146 (8th Cir. 2008). Mr. Honken's convictions and sentences became final on December 14, 2009, when the Supreme Court denied certiorari.  <u>Honken v. United States</u>, 130 S.Ct. 1011 (2009).

3.      On September 16, 2009, upon motion by direct appeal counsel, Jean Barrett, the Court appointed the Capital Habeas Corpus Unit of the Federal Public Defender for the District of Arizona (Arizona CHU) as section 2255 counsel.  (Dkt. # 784.)  Notably, the Court assigned the Arizona CHU before the completion of certiorari proceedings in the Supreme Court and in so doing the Court accepted Ms. Barrett's argument that early appointment, <u>i.e.</u> appointment before Mr. Honken's case became final with the completion of certiorari proceedings, was appropriate because Petitioner would "have only one year from the" completion of certiorari proceeding to file his 2255 motion.  <u>Order</u>, Dkt. # 784.

4.      With the Supreme Court's denial of certiorari on December 14, 2009, Mr. Honken's one year limitations period commenced.   Six months and one week later – on May 20, 2010 – the Court granted the Arizona CHU's motion to withdraw due to a conflict of interest.  (Dkt. #s 788, 789.)

5.      The AEDPA limitations period governing the timely filing of Petitioner's

section 2255 motion is set forth in 28 U.S.C. § 2255(f).  It states:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1)    the date on which the judgment of conviction becomes final;
>
> (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The limitations period under subsection 1 will expire on December 14, 2010.  At the present time, counsel does not anticipate invoking any of the three other start dates, although that could change as further investigation and developments unfold.

6.    The Court granted undersigned counsel's motion to be appointed as replacement counsel on May 25, 2010 (Dkt. #s 790, 791).  From the date of the appointment of undersigned counsel until the running of the statute of limitations on December 14, 2010, new counsel will have had about five and one half months  in which to familiarize themselves with this extensive and factually complex case.  As

3

this Court well knows, the record of this case is enormous, even for a complex capital post-conviction matter.[1]  In addition to Mr. Honken's extended trial record, counsel has had to become familiar with the equally extensive trial of Petitioner's co-defendant, Angela Johnson.  Counsel have had to also review and analyze the not insignificant record of Petitioner's prior drug convictions, which obviously are related to this instant matter.  Counsel have also had to study this Court's numerous and extensive opinions issued in this and in the Johnson case.  Potential witnesses for each phase of the trial are spread out around the country.

7.      Counsel have thrown themselves into, and have devoted considerable time and resources to, completing their tasks.  In addition to undersigned counsel of record (Wiseman, Nolan and Kane), counsel are being assisted by two other attorneys, an investigator and two para legal specialists employed in their office. Despite these efforts, counsel do not believe that they will have completed all

---

[1]In her motion to have the Arizona CHU  appointed before the conclusion of certiorari proceedings, direct appeal counsel Barrett made a number of arguments that are applicable here.  Capital habeas corpus proceedings are by their nature "complex" *Defendant's Memorandum in Support of Motion for Appointment of Counsel* (dkt # 783) at 4 (quoting McFarland v. Scott, 512 U.S. 849, 855-56 (1994)); habeas litigation involves extra-record investigation and the need for expert resources, id., 5; preparation of a comprehensive and thorough post-conviction pleading is a "labor intensive" endeavor, id., 6; that requires " enormous amounts of time, energy, and knowledge," id., quoting American Bar Association, Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases (2003), Guideline 10.15.1 commentary.

required work before the expiration of the AEDPA deadline under subsection (f)(1).

8.      The change of counsel more than halfway through the limitations period occurred through no fault of Mr. Honken.  He should be made whole by the impact on current counsel's work caused by having less than half the normal time period in which to complete their work.  To accomplish making Mr. Honken whole, counsel propose the following.

- That a section 2255 motion will be filed on December 14, 2010 setting forth those grounds for relief which counsel will appreciate as of that date;

- That the Court provide counsel an additional six months (until mid-June, 2011) to complete their initial work on the case.  At the end of that period, counsel will file any amendments to the motion that will be filed on December 14, including supporting documents;

- That during this six month period, the Government may not move for the disposition of any ground, nor will the Court *sua sponte* consider the merits of any ground for relief.

9.      Amendments to habeas petitions that are made after the expiration of the AEDPA limitations period are permitted so long as the amendments "relate back" to a ground for relief that was timely pled.  See Mayle v. Felix, 545 U.S. 644 (2005). Therefore, under this proposal, there will not be any statute of limitations issues generated by the filing of amendments to existing claims.  Should counsel discover new claims for relief that were not pled in the December 14, 2010 filing, counsel will

5

invoke either one of the three other trigger dates for the AEDPA limitations period addressed in section 2255(f)(2-4), or else will seek equitable tolling to permit consideration of the claim. As the Supreme Court has recently held, the AEDPA limitations period is subject to equitable tolling. <u>Holland v. Florida</u>, 130 S.Ct. 2549 (2010).

10. Because counsel seek this adjustment to the litigation schedule, they also seek a continuance of the joint scheduling order that is due on December 1, 2010.

11. Counsel has provided this Motion to Government's counsel, CJ Williams, who does not oppose it. The Government wishes it to be clearly stated that in taking this position, the Government does not mean to agree that any amendments that would be filed during the six month period will necessarily relate back to the to-be-filed December, 2010 petition. Nor does the Government agree that Petitioner is entitled to equitable tolling for any subsequent claims that do not relate back. The Government will consider those issues when, and if, they arise. For now, the Government's position is limited to its non-opposition to providing Petitioner with the six additional months to fully explore the availability of all claims for relief.

6

WHEREFORE, counsel request that the Court enter an order consistent with

the above. A proposed order is attached.

Respectfully Submitted,

/s Michael Wiseman

Michael Wiseman
Shawn Nolan
Timothy Kane
Capital Habeas Corpus Unit
Federal Community Defender
Eastern District of Pennsylvania
Suite 545 West – The Curtis Center
Philadelphia, Pennsylvania 19106
215-928-0520

Dated:      November 29, 2010
            Philadelphia, PA

Case 3:01-cr-03047-LTS-KEM     Document 796     Filed 11/29/10     Page 7 of 8

# Certificate of Service

I, Michael Wiseman, hereby certify that on this 29th day of November, 2010, I filed the foregoing Motion with service via the Court's ECF system to be delivered electronically to:

C.J. Williams
Assistant United States Attorney
United States Attorney's Office
Northern District of Iowa
401 First Street, S.E.
Hach Building, Suite 400
Cedar Rapids, IA 52401-1825

/s/ Michael Wiseman

_____

Michael Wiseman